**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO.   ELH 14-0261** |
| | * | |
| **JEFFREY L. SHIPLEY** | * | |
| | * | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S**
**SENTENCING MEMORANDUM**

The United States of America, through United States Attorney Rod J. Rosenstein and Assistant United States Attorney Judson T. Mihok, hereby submits this Response to the Defendant's Sentencing Memorandum.

    A.    <u>The "hoarding" diagnosis</u>.

The Defendant asserts, in conclusory fashion, that the Defendant is a "hoarder," a condition which runs in families, and attempts to explain/mitigate his long-term criminal behavior as a by-product of this unfortunate condition.   However, the Government has been provided nothing and no report establishing a formal diagnosis is appended to the Defendant's sentencing memorandum to support this conclusion.1

In addition, if the Defendant was afflicted with a hoarding disorder, it hardly explains why he took mail to dumpsters and the landfill, as he indicated during the course of his interview when the search warrant was executed at his residence.   It also fails to explain why he took and opened first class mail.   And it should be pointed out that he had opened first class mail dating back to

---

1 The PSR notes that paperwork received from Dr. Anderson indicates that he has been diagnosed with "hoarding, obsessive compulsive disorder, anxiety, and depressed mood."   PSR at ¶ 53.

May 14, 2007.[2] This mail, as well as other unopened first class mail which dated back to April of 2005, flies in the face of the notion that he was only taking home bulk mail he was unable to timely deliver; when added to the fact that he acknowledged throwing mail away at landfills and in dumpsters, the sentiment that the search warrants captured all the offending behavior of this hoarder who was overwhelmed completely unravels.

Indeed, if he truly had issues and had been honest, he should have sought help. The fact that he was not fired immediately upon execution of the search warrants and the recovery of 20,000 pieces of mail and postal property in March of 2014, but only recently voluntarily resigned, is evidence of the power of the Postal Worker's Union. The Union would have assisted him with getting the help he may have needed and ensured that he would not have suffered adverse employment consequences.

B.     <u>The Parsimony Principle is misconstrued and misapplied</u>.

The Defendant claims that imposition of a probationary sentence, which is a dramatic and substantial variance from the advisory USSG range, is "sufficient but not greater than necessary" to comply with the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2). Def. Sent. Mem. at 1, 8. However, this assertion misconstrues the meaning this provision of 18 U.S.C. § 3553.

Section 3553(a)'s requirement that a sentence be "sufficient, but not greater than necessary" to fulfill the objectives of (a)(2) is sometimes referred to as the "parsimony clause" or the "Goldilocks principle" of 18 U.S.C. § 3553(a), Defendants clearly prefer the "parsimony clause." *United States v. Williams*, 475 F.3d 468, 476 (2d Cir. 2007). While the statutory language is frequently cited by defendants as though it were "an admonition to be lenient," the statutory text itself states that the sentence must be "sufficient" to enforce the purposes of (a)(2),

---

[2] A manila envelope addressed to "Charles Pinkus" which was empty.

and most of the purposes laid out in the statute "hardly connote less punishment." *United States v. Navedo-Concepcion*, 450 F.3d 54, 58-59 (1st Cir. 2006).

In *United States v. Irey*, 612 F.3d 1160, 1196-97 (11th Cir. 2010), the Eleventh Circuit strongly criticized the use of the phrase "parsimony principle."   The Eleventh Circuit elaborated:

> The problem with the parsimony terminology is that the statutory command has two components of equal standing, and it ignores one of them. The requirement is not merely that a sentencing court when handing down a sentence be stingy enough to avoid one that is too long, but also that it be generous enough to avoid one that is too short. Calling the statutory requirement "the parsimony principle" is as incomplete and inaccurate as it would be to call the requirement "the severity principle." The reason that defense counsel and those who argue for shorter sentences, either generally or in specific cases, like the term "parsimony principle" is that it tends to slant the discussion toward shorter sentences by emphasizing only that part of the twin requirements. But terminology that is less than completely accurate should not be used to guide judicial decisions.FN22 A more accurate term, if one is needed, might be "the Goldilocks principle," because the goal is to lock in a sentence that is not too short and not too long, but just right to serve the purposes of § 3553(a).FN23 In this opinion, however, we will avoid using a catchword and simply apply the provision as Congress wrote it.
> FN22. The term "parsimony principle" is an example of what Holmes once referred to as an "inadequate catch word[ ]," which could by its "very felicity, delay further analysis." Oliver Wendell Holmes, Law in Science and Science in Law, 12 Harv. L.Rev. 443, 455 (1899).
> Judge Tjoflat's separate opinion says that "[a]lthough the court quibbles with the label 'parsimony principle,' it does not disagree with the underlying concept." Separate Op. of Tjoflat, J., at 1232 n. 21. To the contrary, we emphatically disagree with the "parsimony principle" terminology and the concept that underlies it, which is that one of the two § 3553(a) principles is to be given predominance over the other. The term "parsimony principle" is an "inadequate catch word" that stacks the deck and we would prefer to deal with result-neutral terms.
> FN23. Research reveals that this thought has occurred to at least one other judge. See *United States v. Pruitt*, 502 F.3d 1154, 1175 (10th Cir.2007) (McConnell, J., concurring) ("The § 3553(a) factors tell judges, like Goldilocks, not to sentence too high and not

3

>to sentence too low."), vacated, 552 U.S. 1306, 128 S.Ct. 1869, 170 L.Ed.2d 741 (2008).

*Id.*

The parsimony clause has been construed as "nothing more than a command to choose a reasonable sentence." *United States v. Williams*, 314 F. App'x 888, 890-91 (7th Cir. 2009) (citing *United States v. Ministro-Tapia*, 470 F.3d 137, 142-43 (2d Cir.2006). As the Second Circuit observed:

>Sentencing is not, after all, a precise science. Rarely, if ever, do the pertinent facts dictate one and only one appropriate sentence. Rather, the facts may frequently point in different directions so that even experienced district judges may reasonably differ, not only in their findings of fact, but in the relative weight they accord competing circumstances. Such reasonable differences necessarily mean that, in the great majority of cases, a range of sentences frequently extending well beyond the narrow ranges prescribed by the Guidelines must be considered reasonable.

*United States v. Jones*, 531 F.3d 163, 174 (2d Cir.2008).

Thus, in any given case, there may be several sentences that are reasonable under the parsimony clause; the sentencing court does not have to explain why a lower sentence is insufficient to meet the goals set forth in 18 U.S.C. § 3553(a)(2). *United States v. Charles*, 467 F.3d 828, 833 (3d Cir. 2006); *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir.2006) (noting that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary."). Furthermore, "[i]t will be the rare case in which a within-the[-Guidelines]-range sentence can be found to transgress the parsimony principle." *United States v. Turbides-Leonardo*, 468 F.3d 34, 41 (1st Cir. 2006); see also *United States v. Williams*, 314 F. App'x 888, 890 (7th Cir. 2009) (quoting *United States v. Turbides-Leonardo*, 468 F.3d 34, 41 (1st Cir. 2006)).

Within-guidelines sentences have repeatedly been upheld as non-violative of the

parsimony clause. See, e.g., *Williams*, 314 F. App'x at 889; *United States v. Garcia*, 355 F. App'x 151, 155 (10th Cir. 2009); *United States v. Mendoza*, 281 F. App'x 932, 933 (11th Cir. 2008); *United States v. Tovar-Arguello*, 250 F. App'x 194, 195 (8th Cir. 2007); *United States v. Ministro-Tapia*, 470 F.3d 137, 143 (2d Cir. 2006).  Additionally, courts have found that it is not a violation of the parsimony clause to impose a sentence above the statutory minimum. See, e.g, *United States v. Williams*, 314 F. App'x 888, 890-91 (7th Cir. 2009); *United States v. Mendoza*, 281 F. App'x 932, 933 (11th Cir. 2008); *United States v. Hilfiger*, 254 F. App'x 916, 919 (3d Cir. 2007).

In sum, imposition of a sentence above the advisory USSG range in this case would be reasonable and, therefore, would not violate the sentencing considerations laid out at 18 U.S.C. § 3553.

However, the Defendant does advocate a sentencing consideration that would violate the sentencing factors outlined at 18 U.S.C. § 3553.  The notion that taxpayers, who were victimized by the Defendant's criminal actions, would only be victimized again by having to pay for his incarceration (Def't. Sent. Mem. at 20) is an absurd notion which finds no support in the sentencing factors outlined at 18 U.S.C. § 3553(a).  This Court should flatly reject this logic.

WHEREFORE, the Government respectfully requests that the Court impose a sentence of 60 months of incarceration, to be followed by three years of supervised release, order restitution and that the Defendant's Thrift Savings Plan/Postal Pension be available to satisfy that restitution

Order, and impose a $200 special assessment.

                                 Respectfully submitted,

                                 Rod J. Rosenstein
                                 United States Attorney

By:_____/s/_____
                                 Judson T. Mihok
                                 Assistant United States Attorney
                                 36 South Charles Street
                                 Fourth Floor
                                 Baltimore, Maryland 21201
                                 (410) 209-4800

cc:      Copy Emailed to Premal Dharia, Susie Hensler
           U.S. Probation Officer Nikki Martin
           The Honorable Ellen L. Hollander